[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13927
The plaintiff and defendant entered into negotiations which by the plaintiff would provide advertising services to the defendant. The defendant would pay $1,200.00 for six months. Other services may be provided subject to estimating in advance the parties commenced work on January 7, 1999. After one month's services, the defendant refused to accept any more work, although the plaintiff was ready and willing to render services. The plaintiff brought this action on September 2, 1999. The contract is attached as Exhibit "A".
"Many of the questions posed in this case can be answered by turning to the principle laid out in the old English case of Hadley v. Baxendale, 9 Exch. 341 (1854). A fair statement of principle presented therein can be found in 22 Am.Jur.2d, Damages § 56" . . ." "the damages recoverable for breach of contract are such as may fairly and reasonably be considered as arising naturally — that is, according to the usual course of things — from the breach of the contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of its breach." See also McCormick, Damages § 138. In other words, Hadley
lays down two rules: (1) losses must be of the type usually resulting from the breach of like contracts, or (2) if there are special circumstances, and the damages arise as a result of those special circumstances, recovery can only be allowed if the defaulting party was aware of the special circumstances at the time of entering into the contract. Obviously, as formulated, this rule is sufficient to be applicable to every breach of contract case. In point of fact, the rule's wide applicability has caused it to be adopted by virtually every state. In Connecticut the rule of Hadley has been the law since at least the early 1900s and continues today." (citations omitted).
"In addition, Connecticut follows the traditional damage theory that contract damages should be awarded with the goal of placing the injured party, so far as possibly can be done by money, in the same position as he would have been if the contract had been fully performed." (citations omitted). "Thus, as long as the breaching party was aware, or should have been aware, of the damage his breach could cause, he will be liable for the total damage done." Thames Shipyard Repair Co. v. Willametz,37 Conn. Sup. 19, 22, 23.
"The general rule in breach of contract case is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that which he would have been in had the contract been performed." (citations omitted) "It has traditionally been CT Page 13928 held that a party may recover "general" contract damages for any loss that "may fairly and reasonably be considered [as] arising naturally, i.e., according to the usual course of things, from such breach of contract itself." Hadley v. Baxendale, 9 Ex. 341, 354, 156 Eng. Rep. 145 (1854). (citations omitted) This court has consistently applied the general damage formula of Hadley v. Baxendale to the recovery of lost profits for breach of contract, and it is our rule that "[u]nless they are too speculative and remote, prospective profits are allowable as an element of damage whenever their loss arises directly from and as a natural consequence of the breach." (Citations omitted) West Haven SoundDevelopment Corporation v. West Haven, 201 Conn. 305, 319, 230.
This pertains to the unpaid balance of the contract.
"A contract is to be construed according to what may be assumed to have been the understanding and intention of the parties. (Citations omitted) That intention is to be determined from the language used, according to the situation of the parties and the circumstances of the transaction."
"A contract is to be construed as a whole and all relevant provisions will be considered together." (Citations omitted). Lar-Rob Bus Corporation v. Fairfield, 170 Conn. 397, 407, 408.
This pertains to the supplement in the contract.
The plaintiff may recover the sum of $5,162.40 plus interest from the date of judgment, and costs.
Burns, J.T.R.
[EDITORS' NOTE: EXHIBIT A IS ELECTRONICALLY NON-TRANSFERRABLE.]